```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
JAMES V. CAIOZZO,

                    Plaintiff,

         -against-                            MEMORANDUM & ORDER
                                              11-CV-2461(JS)
MICHAEL J. ASTRUE, Commissioner of
Social Security,

                    Defendant.
----------------------------------------X
APPEARANCES
For Plaintiff:      Joel M. Gluck, Esq.
                    Law Offices of Joel M. Gluck & Associates
                    80 Livingston Street
                    Brooklyn, NY 11201

For Defendant:      Robert W. Schumacher, II, Esq.
                    U.S. Attorney's Office / EDNY
                    Eastern District Of New York
                    610 Federal Plaza
                    Central Islip, NY 11722
```

SEYBERT, District Judge:

Plaintiff James Caiozzo appeals the decision of the Commissioner of Social Security (the "Commissioner") denying his application for Childhood Disability Benefits ("CDB"). The Commissioner moved for judgment on the pleadings. (Docket Entry 11.) For the following reasons, the Commissioner's motion is GRANTED.

## BACKGROUND

Plaintiff asserts that he became eligible for CDB on September 1, 1973 by virtue of a severe learning disability and severe visual impairment. (See Administrative Record ("R.") 10;

Compl. ¶ 1.) Following a hearing during which Plaintiff was represented by counsel, an Administrative Law Judge ("ALJ") denied Plaintiff's CDB application, finding that Plaintiff had been engaged in substantial gainful activity after the purported onset date of his disability. (R. 12-13.) The Appeals Council denied Plaintiff's request for a review of the ALJ decision, and thus the ALJ's conclusion is the Commissioner's final decision. (R. 1.)

Plaintiff filed this appeal on May 20, 2011, and the Commissioner moved for judgment on the pleadings on December 2, 2011. On consent of the parties, the Court extended Plaintiff's time to oppose the Commissioner's motion (and to file a cross-motion) until January 24, 2012. (See Docket Entry dated January 4, 2012.) Notwithstanding the amended briefing schedule, Plaintiff has neither opposed the Commissioner's motion nor cross-moved.

## DISCUSSION

Because Plaintiff has not opposed the Commissioner's motion or filed a cross-motion of his own, the only indication of Plaintiff's argument on appeal is his Complaint, which asserts that the ALJ erred by characterizing Plaintiff's past employment as "substantial gainful activity" rather than an "unsuccessful work attempt." (See Compl. ¶ 12.) Attached to Plaintiff's Complaint is his letter to the Appeals Council in

which he explains that the ALJ failed to develop the record to ascertain whether Plaintiff's employment was continuous.

I. Legal Standard

In reviewing the ruling of the ALJ, this Court will not determine de novo whether Plaintiff is in fact disabled. Thus, even if the Court may have reached a different decision, it must not substitute its own judgment for that of the ALJ. See Jones v. Sullivan, 949 F.2d 57, 59 (2d Cir. 1991). Instead, this Court must determine whether the ALJ's findings are supported by "substantial evidence in the record as a whole or are based on an erroneous legal standard." Curry v. Apfel, 209 F.3d 117, 122 (2d Cir. 2000) superseded by statute on other grounds, 20 C.F.R. § 404.1560 (quoting Schaal v. Apfel, 134 F.3d 496, 501 (2d Cir. 1998)). If the Court finds that substantial evidence exists to support the Commissioner's decision, the decision will be upheld, even if evidence to the contrary exists. See Johnson v. Barnhart, 269 F. Supp. 2d 82, 84 (E.D.N.Y. 2003). "Substantial evidence is such evidence that a reasonable mind might accept as adequate to support a conclusion." Id. The substantial evidence test applies not only to the ALJ's findings of fact, but also to any inferences and conclusions of law drawn from such facts. See id.

To determine if substantial evidence exists to support the ALJ's findings, this Court must "examine the entire record,

3

including conflicting evidence and evidence from which conflicting inferences may be drawn when deciding whether the findings are supported by substantial evidence." See Gonzalez v. Barnhart, No. 01-CV-7449, 2003 WL 21204448, at *2 (E.D.N.Y. May 21, 2003) (quoting Brown v. Apfel, 174 F.3d 59, 62 (2d Cir. 1999)). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Where an ALJ's decision is not supported by substantial evidence, however, or where the Court is "'unable to fathom the ALJ's rationale in relation to the evidence in the record without further findings or clearer explanation for the decision,' remand is appropriate." Hernandez v. Astrue, 814 F. Supp. 2d 168, 184 (E.D.N.Y. 2011) (quoting Pratts v. Chater, 94 F.3d 34, 39 (2d Cir. 1996)).

## II. Substantial Evidence Supports the Commissioner's Decision

For largely the reasons set forth in the Commissioner's brief, the Court concludes that the Commissioner's decision is supported by substantial evidence. To qualify for CDB, a claimant must show that he has a disability that began before he reached age 22. 42 U.S.C. § 402(d)(B)(ii). A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected

4

to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ found that because Plaintiff was engaged in substantial gainful activity during 1989 and 1990 (after Plaintiff turned twenty-two), he could not establish that he was disabled before his twenty-second birthday. (See R. 13.)

The ALJ properly concluded that Plaintiff's past employment was "substantial gainful activity." A claimant is generally presumed to have engaged in substantial gainful activity if his monthly earnings are above an administratively-determined threshold. See 20 CFR § 404.1574 ("We will use your earnings to determine whether you have done substantial gainful activity unless we have information from you, your employer, or others that shows that we should not count all of your earnings. . . . Generally, if you worked for substantial earnings, we will find that you are able to do substantial gainful activity."). For 1989, claimants who earned more than $300 per month are considered to have performed substantial gainful activity; for 1990, the threshold was increased to $500. 20 C.F.R. § 404.1574(b)(2)(i) (see Table 1).[1] Here, the record indicates that Plaintiff was employed from April 1989 through

---

[1] The ALJ misstated the earnings thresholds for 1989 and 1990, and also misstated Plaintiff's total income for 1990. (See R. 12.) These errors are immaterial because Plaintiff's monthly wages, correctly calculated, well exceeded the applicable earnings levels.

5

either March or July 1990. (See R. 134 (indicating April 1989 through March 1990); R. 182 (indicating April 1989 through July 1990).) The record further shows that Plaintiff earned $6,677.50 in 1989 and $5,655.38 in 1990. (R. 130.) These wages, averaged over the number of months Plaintiff was employed, exceed the threshold figures cited above. For 1989, Plaintiff earned $741.94 per month ($6,677.50 divided by 9 months). For 1990, Plaintiff earned $807.91 ($5,655.38 divided by 7 months). Accordingly, the ALJ was entitled to presume that Plaintiff engaged in substantial gainful activity after his twenty-second birthday and was thus not disabled before he turned twenty-two.

There are some situations where a claimant will be considered disabled notwithstanding his monthly earnings. As mentioned already, Plaintiff's only contention on appeal is that the ALJ erred by not characterizing Plaintiff's past employment as an "unsuccessful work attempt." Earnings from unsuccessful work attempts, as described in 20 C.F.R. § 416.974(c), are not used to show that a claimant can perform substantial gainful activity. 20 C.F.R. § 416.974(a)(1). This exception, however, does not cover periods of employment that last more than six months. 20 C.F.R. § 416.974(c)(5). As the record shows that Plaintiff worked for a continuous period lasting longer than six months, he may not claim that his earnings were derived from an

6

unsuccessful work attempt. To the extent that Plaintiff asserts that the ALJ did not sufficiently develop the record on this point, the Court rejects this claim because there was nothing in the transcript suggesting that the ALJ had an incomplete understanding of Plaintiff's work history. See Drake v. Astrue, 443 F. App'x 653, 656 (2d Cir. Nov. 2, 2011) (unpublished) (rejecting argument that the ALJ did not adequately develop the administrative record where there was no suggestion that the ALJ should have known that Plaintiff's records were incomplete).

An ALJ may also find that a claimant is disabled notwithstanding his monthly earnings where the work is performed under special conditions. The factors an ALJ considers include whether the claimant: (1) "required and received special assistance from other employees" in performing the work; (2) was permitted "to work irregular hours or take frequent rest periods;" (3) was "with special equipment or [was] assigned work especially suited" to his impairment; (4) was "able to work only because of specially arranged circumstances;" (5) was "permitted to work at a lower standard of productivity or efficiency than other employees;" and (5) was "given the opportunity to work despite [an] impairment because of family relationship, past association with your employer, or [the] employer's concern for your welfare." 20 C.F.R. § 404.1573(c)(1)-(5). Plaintiff has not argued that his employment falls under the "special

7

conditions" exception, and the Court does not consider them here. See Russo v. Astrue, No. 09-CV-0086, 2010 WL 1872851, at *8 n.9 (D. Del. May 10, 2010), aff'd, 421 F. App'x 184 (3rd Cir. Apr. 6, 2011) (unpublished) (expressly not considering "special conditions" exception where claimant did not raise it). In any event, although the Commissioner points to some evidence that may bear on the criteria listed above (see Def. Br. 14), the ALJ explained at the hearing her understanding of Plaintiff's work history and the inferences she drew from his prior employment (R. 31-32). In light of this and the remainder of the hearing transcript, which indicates that the ALJ considered the limitations Plaintiff faced at his past jobs (see R. 38), the Court cannot conclude that the Commissioner's decision denying Plaintiff CDB was improper.

## CONCLUSION

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings is GRANTED. The Clerk of the Court is respectfully directed to terminate all pending motions and mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT  
Joanna Seybert, U.S.D.J.

Dated: July   13  , 2012  
       Central Islip, New York

8